UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LACHIN HATEMI,

                                 Plaintiff,

       v.

M&T BANK CORPORATION,

                                 Defendant.

DECISION AND ORDER

13-CV-1103S

---

I. INTRODUCTION

On October 22, 2014, Chief Judge Skretny adopted this Court's Report and Recommendation and denied the motion of defendant M & T Bank Corporation ("M & T") to compel arbitration. (Dkt. No. 43.) M & T subsequently appealed the decision, under 9 U.S.C. § 16(a)(1)(C), to the U.S. Court of Appeals for the Second Circuit. As of this writing, M & T's brief to the Second Circuit is due March 2, 2015.

Meanwhile, this Court became concerned *sua sponte* about whether a full or partial stay of proceedings might be appropriate pending the outcome of M & T's appeal. The Court became concerned because plaintiff Lachin Hatemi ("Hatemi") filed two motions last fall, about a month apart, that went beyond routine discovery matters. The first motion, filed two days before Chief Judge Skretny's order, sought injunctive relief "ordering defendant M&T Bank to immediately cease and desist from charging overdraft fees from all deposit account holders whose consents were allegedly obtained verbally without the customers' signature." (Dkt. No. 42 at 2.) The Court had begun processing that motion, scheduling briefing and construing the motion as a motion for a preliminary

injunction for Hatemi himself and not for third parties. (Dkt. No. 44; *see also* Dkt. No. 47 ("Subject to further consideration from the Court and the parties, plaintiff has clarified for now that he does not seek to represent third parties *per se*, and that he only recognizes that any ultimate relief in his favor may incidentally affect third parties.").) Hatemi then filed another motion on November 26, 2014 seeking permissive joinder. (Dkt. No. 50.) Specifically, Hatemi sought to add three M & T representatives in their official capacities while "expressly reserv[ing] his right to request addition of more defendants in future actions." (*Id.* at 1.) Out of concern that the pending motions would change the scope of the case during an appeal that could send the case to arbitration, the Court requested and received briefing from the parties regarding the propriety of a stay. The Court also conferred with the parties about a stay during a status conference on January 8, 2015.

II. DISCUSSION

   The Court needs to consider several aspects of a stay pending an appeal under 9 U.S.C. § 16(a)(1)(C). The basic standards that have developed appear to be straightforward. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), *superseded in part on other grounds by* Fed. R. App. P. 4(a)(4)(B)(i). In the specific instance of a denial of arbitration, "further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and . . . a district court therefore has jurisdiction to proceed with a case absent a stay from this

2

Court." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); cf. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983) (observing that a dispute over arbitrability "is easily severable from the merits of the underlying disputes"). Any order granting a stay is non-dispositive. See *Adams v. Suozzi*, 393 F. Supp. 2d 175, 177 (E.D.N.Y. 2005) ("[Magistrate] Judge Lindsay's decision denying a stay [of] discovery pending appeal is a nondispositive pretrial matter.").

The holdings from *Motorola* and *Moses H. Cone* allow district courts to proceed but do not necessarily advise how to do so in specific cases. District courts have considered granting a stay "whenever doing otherwise would effectively deprive the appellant of the possibility of having the underlying controversy presented to an arbitrator in the first instance." *Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999). Additionally, "considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012). The reluctance to move forward when an appeal might succeed stems from a prudential concern about wasting time and resources when the parties might have to start all over in arbitration. Other circuits have expressed the same concern in different ways. See, e.g., *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and

arbitral forums. If the court of appeals reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration."); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) ("Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.").

Concern about reversal of an order denying arbitration, while understandable, poses two problems. First is the problem that this Court would undermine the whole point of recommending denial of arbitration if it then started to make plans assuming that it erred in the recommendation. As explained succinctly in one analysis,

> The problem with both of these prudential arguments—that litigation of the underlying substantive dispute must be stayed pending a § 16(a) appeal in order to (1) avoid infringing on the parties' right not to be subject to litigation and (2) avoid unnecessary duplicative proceedings—is that they only apply in the event that the district court is ultimately wrong about the non-arbitrability of the dispute. If the district court is correct that the dispute is not subject to an enforceable arbitration agreement, there is no right of either party to avoid litigation and any litigation that occurred while the appeal was pending would not have been unnecessary and duplicative. To the contrary, it is any delay resulting from a stay of the merits litigation pending appeal that would have been unnecessary. Those courts applying the divestiture principle in this context and requiring stays pending § 16(a) appeals seem to assume the validity of the alleged arbitration agreement, which is exactly the issue on appeal.

Roger J. Perlstadt, *Interlocutory Review of Litigation-Avoidance Claims: Insights from Appeals Under the Federal Arbitration Act*, 44 Akron L. Rev. 375, 383 (2011). The second problem is that M & T, which did not file a motion for a stay but would be the party more interested in a stay, still has a remedy that it can pursue at the Second Circuit if

it wishes.  With this Decision and Order now having issued, M & T easily could avail itself of Rule 8(a)(2) of the Federal Rules of Appellate Procedure.  Under Rule 8(a)(2), M & T could ask the Second Circuit to issue a stay of proceedings and could demonstrate that a stay would be appropriate and that this Court "failed to afford the relief requested."  Fed. R. App. P. 8(a)(2)(A)(ii).  The Second Circuit then could take a preliminary look at the underlying issue of arbitrability and then view the need for stay from a fresh perspective. Under those circumstances, this Court need not second-guess itself and manage the case based on hypothetical results of the appeal.

What is the best way, then, to move the case forward, as *Motorola* allows, while still respecting the possibility that the Second Circuit may disagree with the denial of arbitration?  Borrowing the Supreme Court's factors governing a stay of a civil judgment proves useful.  Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted); *accord Nken v. Holder*, 556 U.S. 418, 434–36 (2009) (vacating a Fourth Circuit denial of review of a removal order and remanding for analysis under the traditional stay factors).  This case does not present any difficult analysis under these factors.  The Court does not believe that M & T is likely to succeed on the merits of the issue of arbitrability, for the reasons explained in the Report and Recommendation that Chief Judge Skretny adopted.  The

Court incorporates the rationale from the Report and Recommendation into this Decision and Order by reference. As for irreparable harm, neither side has demonstrated so far that this case presents anything more than (allegedly) improper fees that a full refund can undo. Equitable considerations do not appear necessary. As for the last two factors, a stay would nominally injure Hatemi by delaying amendments and discovery that would help him assess the strength of his case and that he could request in arbitration anyway. *Cf. Manigault v. Macy's E., LLC*, No. 06-CV-3337 (FB), 2008 WL 238566, at *1 (E.D.N.Y. Jan. 28, 2008) ("Further, whether this matter ultimately progresses before this Court or in an arbitral forum, information adduced through discovery will be useful to the litigants."); *see also, e.g.*, Am. Arbitration Ass'n Consumer Arbitration R. R-8 (procedure for changing claims and counterclaims) *and* R-22 (procedure for exchanging information), *available at* https://www.adr.org/aaa/faces/rules (click on "Rules," the click on "Consumer Arbitration Rules," then download PDF file). Finally, the public interest factor is mostly neutral. There is a public interest in preventing improper charges to customer accounts. That public interest, though, is minor compared to public interests like national resource management and public safety. *See, e.g., Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985) (denying a stay of an agency decision allowing low-power testing at a nuclear power station, where national energy policy, national resource management, and public safety failed to provide a decisive public interest). Additionally, M & T has diminished the force of any public interest argument by changing its overdraft policies for new customers and assessing the logistics of changing its policies for existing

6

customers. Hatemi might argue that a problem still exists with existing customers, but M & T has capped the size of the problem and can address it through the legal remedy of refunds as needed.[1]

Together, then, the *Hilton* factors yield a result that is consistent with *Motorola* while assuaging the Court's initial fear of making the parties proceed while the appeal runs its course. The Court will not issue any stay of the case and will proceed to adjudicate Hatemi's pending motions (Dkt. Nos. 42, 50). M & T will file any papers responding to each motion on or before February 4, 2015. Hatemi will file any reply papers for each motion on or before February 13, 2015. Oral argument, if any, will occur at the Court's discretion.

The Court thanks the parties for providing helpful briefing on short notice, with respect to the propriety of a stay.

---

[1] In fact, and without deciding the matter, if M & T renews Point II of its recent briefing (*see* Dkt. Nos. 55, 58) then subject-matter jurisdiction might become an issue. *See generally Auto. Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*, No. 08-CV-623A, 2011 WL 3295510 (W.D.N.Y. Aug. 1, 2011) (Arcara, *J.*).

III. CONCLUSION

For all of the above reasons, the Court declines to stay proceedings in this case pending M & T's interlocutory appeal to the Second Circuit.

SO ORDERED.

                                                              /s Hugh B. Scott
                                         HONORABLE HUGH B. SCOTT
                                         UNITED STATES MAGISTRATE JUDGE

DATED: January 15, 2015