UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LACHIN HATEMI,

                         Plaintiff,

        v.

M&T BANK CORPORATION,

                        Defendant.

REPORT AND
RECOMMENDATION

13-CV-1103S

---

       On October 20, 2014, plaintiff Lachin Hatemi ("Hatemi") filed a motion (Dkt. No. 42) asking for temporary injunctive relief. After reciting his principal allegations in the case—that he never consented to overdraft charges and that defendant M & T Bank Corporation ("M & T") would have had to obtain consent in writing—Hatemi requests "a temporary injunction ordering defendant M & T Bank to immediately cease and desist from charging overdraft fees from all deposit account holders whose consents were allegedly obtained verbally without the customers' signature." (Dkt. No. 42 at 2.) The Court previously noted that it would treat the request as one for a preliminary injunction. (Dkt. No. 44.) Given the reference to "all deposit account holders," the Court also had plaintiff clarify "for now that he does not seek to represent third parties *per se*, and that he only recognizes that any ultimate relief in his favor may incidentally affect third parties." (Dkt. No. 47.)

       M & T opposes injunctive relief by arguing that Hatemi has not met any of the requirements for an injunction. M & T argues that Hatemi cannot show irreparable harm because monetary damages can address his claims. M & T asserts that the way in which it

had set up Hatemi for overdraft protection complied with both the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693–1693r (Westlaw 2015), and Regulation E, 12 C.F.R. §§ 205.1–205.20 (Westlaw 2015) meaning that Hatemi is unlikely to succeed on the ultimate merits of the case.  Finally, M & T argues that there is no equitable need for a preliminary injunction because it already changed its overdraft policies for new customers to address the points that Hatemi raised.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  "These elements must be established by a preponderance of the evidence."  *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 344 (S.D.N.Y. 2008) (citations omitted).  "The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered.  To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  And, irreparable harm must be shown to be actual and imminent, not remote or speculative."  *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks and citations omitted).

2

Here, Hatemi has made no showing at all of irreparable harm. The core of Hatemi's case is that, between August 19, 2011 and May 15, 2012, M & T charged him overdraft fees 16 times without a valid agreement for overdraft protection. M & T has not charged Hatemi any overdraft fees since May 15, 2012. Without conceding wrongdoing against Hatemi, M & T did revise its procedures in January 2014 to require new customers to consent to overdraft protection in writing. Additionally, as of January 17, 2014, M & T required consumer checking account customers to indicate whether they wished to "opt in" to overdraft protection for existing accounts. (*See* Dkt. No. 61-1 at 5.) M & T's decisions to stop charging Hatemi and to change its policies mean two things. First, Hatemi's maximum possible damages are capped at the sum of the 16 overdraft fees that he paid plus maximum statutory damages of $1,000 under 15 U.S.C. § 1693m(a)(2)(A). There appear to be no equities to consider that a monetary award cannot address. Second, no further harm will occur to Hatemi or any other M & T customers, removing any imminent aspect of his allegations. Under these circumstances, injunctive relief would serve no purpose that a monetary award and a final judgment also can fulfill, should Hatemi ultimately win on the merits.

Without any showing of irreparable harm, the Court finds that assessing the other requirements for injunctive relief is unnecessary. For the reasons above, the Court respectfully recommends denying Hatemi's motion for a preliminary injunction (Dkt. No. 42).

A copy of this Report and Recommendation will be sent to Hatemi and to counsel for M & T by electronic filing on the date below.  Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

      SO ORDERED.

                                        __/s/ Hugh B. Scott_____
                                        HONORABLE HUGH B. SCOTT
                                        UNITED STATES MAGISTRATE JUDGE

DATED: March 5, 2015