UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LACHIN HATEMI,

                           Plaintiff,

       v.

M&T BANK CORPORATION,

                           Defendant.

DECISION AND ORDER

13-CV-1103S

---

On November 26, 2014, plaintiff Lachin Hatemi ("Hatemi") filed a motion (Dkt. No. 50) to add defendants under Rule 20(a)(2)[1] of the Federal Rules of Civil Procedure. Specifically, Hatemi seeks to add the following three defendants to his complaint:

- Robert G. Wilmers in his official capacity as the Chairman of the Board and Chief Executive Officer of M&T Bank;

- Donna McClure in her official capacity as the Senior Vice President and Chief Compliance Officer of M&T Bank; and

- Rene F. Jones in her official capacity as the Executive Vice President and Chief Financial Officer of the M&T Bank.

(Dkt. No. 50 at 1–2.)  Hatemi wants to add these three defendants because he "believes that the following individuals can provide vital information for the progression of this legal action.  Plaintiff also alleges that the following individuals are responsible for the alleged violations of the Federal laws and regulations mentioned in the chief complaint." (*Id.* at 1.)

---

[1] Hatemi invokes Rule 20(b), but that section concerns only protective measures.  Hatemi, who is *pro se*, likely meant Rule 20(a)(2), which governs addition of defendants.

Defendant M & T Bank Corporation ("M & T") opposes joinder for two reasons. M & T asserts that the Electronic Fund Transfer Act ("EFTA") and Regulation E govern only financial institutions and not individuals such as the proposed new defendants. M & T also argues that the complaint contains no allegations against the proposed defendants.

The Court will address the motion through a Decision and Order because motions for joinder are non-dispositive. *E.g., Bell v. Lockheed Martin Corp.*, No. CIV. 08-6292, 2010 WL 3724271, at *6 (D.N.J. Sept. 15, 2010) ("A motion to amend to add new parties pursuant to Rule 20(a) is a nondispositive motion.") (citations omitted); *Chavez v. Illinois State Police*, No. 94 C 5307, 1999 WL 515483, at *2 (N.D. Ill. July 15, 1999) ("A motion to join an additional party under Rule 20(a) is a nondispositive pretrial matter.") (citation omitted). Under Rule 20(a)(2), Hatemi can add defendants to this case if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). To help courts assess the requirements of Rule 20(a)(2), parties frequently file motions for joinder together with motions to amend complaints under Rule 15. *See, e.g., Valle v. SmithKline Beecham Corp.*, No. 07-CV-6514T, 2008 WL 2782855, at *2 (W.D.N.Y. July 8, 2008) (Payson, *M.J.*) (reviewing a proposed amended complaint under Rules 15 and 20); *R & M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004) (same).

Here, a proposed amended complaint from Hatemi would help explain why he needs to add three new defendants. The current complaint (Dkt. No. 1) does not mention any of the proposed defendants at all. The ability of the proposed defendants to "provide vital information" might warrant depositions or other discovery proceedings but does not meet the standard for joinder under Rule 20(a)(2). Whether the proposed defendants are personally responsible for bringing about Hatemi's claimed injuries may or may not be true, but the Court cannot decide based on the current complaint.

The Court thus must deny Hatemi's motion for now, but without prejudice. Hatemi will be allowed, if he wants, to file a joint motion to amend the complaint under Rule 15 and to add parties under Rule 20(a)(2). If Hatemi files a new motion then he will have to follow Local Civil Rule 15 and attach a copy of a proposed amended complaint. Without deciding the issue at this time, Hatemi also should consider addressing M & T's argument that the EFTA and Regulation E do not govern individuals.

SO ORDERED.

_/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: March 5, 2015