UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LACHIN HATEMI,

                                        Plaintiff,

              v.

M&T BANK CORPORATION,

                                        Defendant.

DECISION AND ORDER

13-CV-1103S

INTRODUCTION

            Pending before the Court is a non-dispositive motion by plaintiff Lachin Hatemi

("Hatemi") to amend the complaint that he had filed when he was litigating *pro se.*  (Dkt.

No. 68.)  Hatemi retained counsel around late May or early June this year.  (Dkt. Nos. 67,

70.)  Counsel have reviewed the case and now wish to file an amended complaint that

contains the same core allegation against defendant M & T Bank Corporation ("M & T"):

That M & T charged Hatemi overdraft fees even though he never consented to overdraft

services.  The proposed amended complaint, however, would add one claim asserting a

violation of New York's General Business Law and two claims asserting common-law

conversion and unjust enrichment.  The proposed amended complaint also would make

Hatemi the representative plaintiff for two classes of M & T customers who also paid

allegedly improper overdraft fees.  M & T objects to the proposed amended complaint on

several grounds; among other arguments, M & T challenges whether Hatemi can be a

proper class representative and argues that the expanded allegations would be subject both

to arbitration and to the class action waiver in its standard account agreement.

The Court held oral argument on October 6, 2015.  For the reasons below, the Court grants Hatemi's motion.

BACKGROUND

For the sake of brevity, the Court will presume familiarity with the details of the case, available generally in the docket and summarized in the Court's Report and Recommendation of June 3, 2014.  (Dkt. No. 33, *adopted at* Dkt. No. 43; appeal pending.)  Briefly, Hatemi opened a checking account with M & T around August 2011.  Hatemi maintains that he provided neither verbal nor written consent to overdraft services.  M & T insists that Hatemi did provide verbal consent but agrees that he did not provide written consent.  Between August 19, 2011 and May 15, 2012, M & T assessed overdraft fees 16 times, for either one-time debit transactions or Automated Teller Machine ("ATM") transactions.  Hatemi's *pro se* complaint contains one claim accusing M & T of violating the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693–1693r (Westlaw 2015).  Specifically, Hatemi asserts in his claim that M & T did not obtain written consent for overdraft services and that both the EFTA and associated regulations and commentary require written consent before a customer can "opt in" and receive overdraft services.  Without conceding wrongdoing against Hatemi, M & T did revise its procedures in January 2014 to require new customers to consent to overdraft protection in writing.  Additionally, as of January 17, 2014, M & T required consumer checking account customers to indicate whether they wished to "opt in" to overdraft protection for existing accounts. (*See* Dkt. No. 61-1 at 5.)  Although various motions and proceedings have

prevented the Court from issuing a formal scheduling order, at least some discovery has occurred.

After litigating for about a year and a half *pro se*, Hatemi retained counsel this past summer, and new counsel have filed the pending motion to amend.  New counsel summarized their desire for an amended complaint succinctly: "This case presents the prototypical scenario where each individual potential class member's claims are so small that individual prosecution is not viable; however, as a class action, this case presents the spectre of a much broader recovery for a large number of M & T customers."  (Dkt. No. 68-1 at 5.)  The proposed amended complaint would set the relevant time frame at "August 2010 through the present."  (Dkt. No. 68-3 at 1.)  The chronology would start more precisely at August 15, 2010, when the Federal Reserve implemented 12 C.F.R. § 205.17, also known as Regulation E.  Paragraphs 4 through 6 describe prior litigation that M & T settled involving the order in which it processed debit card transactions; those paragraphs lead to paragraph 7, which returns to the theme of overdraft fees without consent.  Paragraphs 17 and 27 again make reference to processing transactions in ways that maximize the number of overdrafts and thus the amount of overdraft fees charged per customer.  Nonetheless, the rest of the proposed amended complaint's background stays with the theme of consent to overdraft services and includes information about best practice guidelines for overdraft services.  Paragraphs 59 through 73 of the proposed amended complaint define what the multi-state class and New York subclass of plaintiffs would be.  The proposed amended complaint then proceeds to four claims.  In the first claim, Hatemi would accuse M & T of

3

charging overdraft fees without consent, in violation of the EFTA and Regulation E.  This

claim is substantially similar to the sole claim from Hatemi's *pro se* complaint, except that

Hatemi now would make the accusation on behalf of himself and the multi-state class.  In

the second claim, Hatemi would accuse M & T of deceptive business practices in violation

of N.Y. General Business Law § 349, based on the failure to obtain consent and the failure

to notify customers that overdraft fees would be assessed.  The second claim would be on

behalf of Hatemi and the New York subclass.  In the third claim, Hatemi would use the

same alleged conduct from M & T as the basis for liability based on common-law

conversion.  In the fourth claim, Hatemi would use the same alleged conduct to support a

common-law claim of unjust enrichment.  The last two claims would be on behalf of

Hatemi and the multi-state class.  In proposing the amended complaint, Hatemi's counsel

emphasize that they prepared it soon after being retained and thereby avoided any bad faith

or dilatory motives.  Hatemi's counsel also note that discovery remains in its early stages

and that the interlocutory appeal to the Second Circuit concerning arbitration remains

pending.[1]

     M & T opposes Hatemi's motion and the filing of the proposed amended

complaint.  M & T argues that Hatemi had plenty of time to research his case, to retain

---

[1] The most recent information available about the interlocutory appeal concerns an adjournment of oral argument at M & T's request.  On November 19, 2015, M & T filed a letter request to adjourn the oral argument that had been scheduled for January 14, 2016.  (2d Cir. Case No. 14-4338, Dkt. No. 124.)  The Second Circuit granted the request, adjourned the oral argument, and decided to reschedule oral argument at a later time.  (*Id.* Dkt. No. 125.)

counsel, and to explore a proper class action if he wished.[2]  After all the time that has

passed, M & T claims that it would suffer prejudice from what it views as a dramatic

expansion of Hatemi's claims to "the entirety of M&T's overdraft policies and

procedures—not just the method for consenting to overdraft services required by the

EFTA." (Dkt. No. 78 at 9.)  According to M & T, that expansion, in turn, implicates the

way in which it processes transactions and assesses overdrafts.  The method of processing

transactions falls explicitly under the General Deposit Account Agreement (Dkt. No. 15-2

at 10–12), which, in M & T's view, means that any challenge to that method would have

to go to arbitration and would be subject to the class action waiver.  (*See* Dkt. No. 15-2 at

19.)  M & T objects to defining any class or subclass with a date after January 17, 2014,

when it changed its practices regarding consent for overdraft services.  Finally, M & T

accuses Hatemi of delaying the case, not being a proper class representative, and making

allegations in the proposed amended complaint that are demonstrably false.

DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or

the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ.

P. 15(a)(2).  Leave to amend "should not be denied unless there is evidence of undue

---

[2] Earlier in the history of the case, Hatemi had filed a *pro se* motion for injunctive relief that would
affect "all deposit account holders." (Dkt. No. 42 at 2.) The Court ordered Hatemi to clarify what
he meant by that phrase, given that nothing in the case up to that point hinted at any sort of class
or collective action. (Dkt. No. 44.) The Court eventually was satisfied that Hatemi was inartfully
describing how his case might affect third parties; the Court left the door open to "further
consideration from the Court and the parties" that might change the structure of the case with
respect to additional plaintiffs. (*See* Dkt. No. 47.)

delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted).  "Because Plaintiff seeks to amend his complaint to include a class action . . ., Plaintiff must allege sufficient facts to demonstrate that such amendment would survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, but Plaintiff need not establish the factual merits of such proposed claim.  In determining whether the proposed amendment is futile, it is necessary to evaluate the likelihood that the proposed class will be certified under Fed. R. Civ. P. 23(c).  Nevertheless, where, as here, the proposed amendment concerns the assertion of a new claim on behalf of a class, the certification of which will occur at a later date, rather than an amendment that would redefine an already-certified class, the court's inquiry into the class action requirements at the pleadings amendment stage, is limited." *Hallmark v. Cohen & Slamowitz, LLP*, 283 F.R.D. 136, 140–41 (W.D.N.Y. 2012) (Foschio, *M.J.*) (citations omitted).

Except for two points that the Court will describe shortly, Hatemi has satisfied the criteria for leave to amend.  The proposed amended complaint contains three extra claims but still rests on the same core contentions that supported the original complaint—namely, that M & T charged overdraft fees to Hatemi and others who did not provide proper consent to overdraft services.  Since the core of the case remains the same, discovery should not change significantly.  Additionally, the core issue is sufficiently straightforward that Hatemi's claims would be typical of those of any other member of the class who did not provide proper consent yet paid overdraft fees.  The parties potentially will have to

6

investigate how many customers constitute the putative class and subclass, but the investigation into policies and practices should involve the same documents and witnesses as before.  In any event, discovery in the case is still early enough that the Court never set a formal scheduling order.

Although the Court is allowing the filing of a proposed amended complaint, one change and one caution are warranted.  The change is fairly minor from a drafting standpoint.  M & T is correct to note that, barring wholly new allegations that M & T has failed to implement its new policies properly, the time frame for potential liability effectively ended on January 17, 2014.  (*See also* Dkt. No. 62 at 3 ("Without conceding wrongdoing against Hatemi, M & T did revise its procedures in January 2014 to require new customers to consent to overdraft protection in writing.  Additionally, as of January 17, 2014, M & T required consumer checking account customers to indicate whether they wished to "opt in" to overdraft protection for existing accounts . . . . [N]o further harm will occur to Hatemi or any other M & T customers, removing any imminent aspect of his allegations.").)  The Court thus directs Hatemi to revise the proposed amended complaint to delete the phrase "through the present" from paragraph 1 and to revise the time frame for liability or class definitions to end at January 17, 2014.  Next, the Court cautions Hatemi about the language in the proposed amended complaint that refers to the method by which M & T processes transactions.  M & T's arguments notwithstanding, the Court is satisfied that the four claims in the proposed amended complaint focus on overdraft fees without consent, an issue that the Court has found (subject to appeal) to be outside the

7

scope of any arbitration agreement.  By extension, if consent to overdraft services falls

outside of the arbitration agreement then it also falls outside the class action waiver.

Nonetheless, the references to processing of transactions and reordering of transactions,

while intended just for background, are a needless distraction.  The processing of

transactions likely would be subject to arbitration or the class action waiver if it became an

issue in this case, since it appears explicitly in the General Deposit Account Agreement.

The Court will not require any editing of the paragraphs that it cited above, but it does

caution Hatemi that any attempt to litigate procedures appearing explicitly in the General

Deposit Account Agreement may require revisiting whether at least some part of this case

needs to go to arbitration.

CONCLUSION

For all of the foregoing reasons, the Court grants Hatemi's motion for leave to

amend.  (Dkt. No. 68.)  Within 30 days of the date of this Decision and Order, Hatemi

will file and serve the amended complaint, incorporating the change in time frame as

explained above.


SO ORDERED.

＿/s Hugh B. Scott＿＿＿＿

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: November 24, 2015

8